# United States District Court
## for the Northern District of Oklahoma

---

Case No. 24-cv-455-JDR-CDL

---

JASON RUSSELL,

*Plaintiff,*

*versus*

CRAIG COUNTY,

*Defendant.*

---

## OPINION AND ORDER

---

Plaintiff Jason Russell, a self-represented prisoner, commenced this action by filing a Motion to Compel [Dkt. 1] naming Craig County, Oklahoma, as the sole defendant. For the reasons discussed below, the Court DISMISSES the action without prejudice.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Further, because Russell is a prisoner seeking redress from a governmental entity, this Court must screen his pleading under 28 U.S.C. § 1915A and dismiss the pleading if, among other things, it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Because Russell appears without counsel, the Court must liberally construe his pleading. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, "cannot take on the responsibility of serving as [Russell's] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

No. 24-cv-0455

Liberally construed, Russell's motion seeks an order from the Court compelling Craig County to produce dash and body camera footage relevant to a state criminal action brought against him in the District Court of Craig County, Oklahoma, as well as a related federal criminal action. Dkt. 1, at 1-2. A review of the publicly available state-court docket reflects that Russell was charged by Information on March 2, 2021, in Craig County District Court Case No. CF-2021-22, on one count of aggravated trafficking in illegal drugs and one count of possession of a controlled dangerous substance without tax stamp affixed. Information, *State v. Russell*, No. CF-2021-22 (Craig Cnty. Dist. Ct. May 2, 2021).[1] The state criminal action was dismissed on May 12, 2021, pursuant to the State's motion, because Russell had been indicted on federal charges in the U.S. District Court for the Western District of Missouri. *See* Motion to Dismiss and Order, *State v. Russell*, No. CF-2021-22 (Craig Cnty. Dist. Ct. May 12, 2021). Over three years later, Russell filed a motion in the state criminal action "requesting a full motion of discovery as well as a copy of all dash [and] body camera footage," pursuant to "22 O.S. § 258." Pro Se Motion, *State v. Russell*, No. CF-2021-22 (Craig Cnty. Dist. Ct. July 29, 2024). Russell stated that he needed the footage for "an appeal pending in Federal Court." *Id*.

In his motion to compel here, Russell asserts that neither the state district court nor the Oklahoma Highway Patrol responded to his "motion for discovery," and he seeks an order from this Court compelling the production of the materials. Dkt. 1, at 1 (requesting "a judgment from the Federal Court to obtain a full motion of discovery from the County of Craig in the State of Oklahoma"), 2 (requesting "an order from the Court to grant [his] F.O.I.A. request under 5 U.S.C. § 552"). Russell contends that the body and dash

---

[1] The Court takes judicial notice of court records that bear directly upon the disposition of this case and are available to the public through the Oklahoma State Courts Network. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

No. 24-cv-0455

camera footage "will prove that [he is] innocent of the charges that got [him] sent to federal prison for 292 months." *Id.* at 2.

Having reviewed Russell's initial filing, the Court determines that it lacks subject matter jurisdiction and must dismiss the action. Fed. R. Civ. P. 12(h)(3). A party seeking to invoke federal subject matter jurisdiction must allege either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Russell does not claim the existence of diversity of citizenship or an amount in controversy exceeding $75,000, such that the Court could exercise jurisdiction under § 1332. Thus, the jurisdictional inquiry turns on whether Russell's action can be construed as arising under federal law within the meaning of § 1331. "For a case to arise under federal law . . . , the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)).

The only federal law referenced in Russell's motion is the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Dkt. 1, at 2. Under FOIA, a federal court "has jurisdiction to enjoin [an] agency," as defined under § 551(1) and § 552(f)(1), "from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). FOIA, however, "govern[s] document requests of federal agencies, not state agencies." *Jimenez v. Fourth Jud. Dist. Att'y's Off.*, 663 F. App'x 584, 587 (10th Cir. 2016).[2] Thus, FOIA does not create a cause of action under which a federal court can enjoin a state entity.

Nor can Russell's motion reasonably be construed as a civil rights complaint brought under 42 U.S.C. § 1983. Section 1983 "provides a federal

---

[2] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

No. 24-cv-0455

cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Russell does not invoke § 1983, and none of Russell's allegations suggest the violation of a federal right. Even under a liberal construction, Russell's assertions do not implicate the federal Constitution. And as noted, Russell does not have a federal right under FOIA to obtain materials withheld by state entities. Accordingly, Russell has failed to demonstrate that the Court has subject matter jurisdiction over this matter under § 1331. *See* Fed. R. Civ. P. 12(h)(3).

Even if Russell's motion could liberally be construed as a § 1983 complaint, it is nonetheless subject to dismissal under 28 U.S.C. § 1915A for failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915A(b)(1). While "the suppression by the prosecution of evidence favorable to an accused upon request" may violate federal due process rights "where the evidence is material either to guilt or to punishment," *Brady v. Maryland*, 373 U.S. 83, 87 (1963), a due process violation does not occur where the criminal action "never proceeded to trial," *Becker v. Kroll*, 494 F.3d 904, 924 (10th Cir. 2007). Here, Russell does not allege, and the state records do not reflect, that the prosecution unlawfully withheld the video footage during the pendency of his state criminal action or that the action ever proceeded to trial. Rather, Russell sought the records over three years after that state action was dismissed. These facts clearly do not support a claim for relief under *Brady v. Maryland*.

Further, insofar as Russell sought the evidence for use in his federal criminal action in the U.S. District Court for the Western District of Missouri, Russell's motion in the state district court, purportedly brought under Okla. Stat. tit. 22, § 258, was not the appropriate procedural vehicle for this request. Section 258 governs preliminary proceedings and the preliminary examination of witnesses in pending criminal actions. It does not require the production of materials for criminal matters pending in other jurisdictions. In sum, Russell has not shown that the State's failure to provide materials in

4

No. 24-cv-0455

response to his motion constitutes a denial of a constitutional right actionable under § 1983.

IT IS THEREFORE ORDERED that the Motion to Compel [Dkt. 1] is DISMISSED without prejudice for lack of jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Alternatively, the Motion to Compel is DISMISSED without prejudice under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. A separate judgment of dismissal will be entered.

DATED this 17th day of October 2024.

_____

John D. Russell
*United States District Judge*